# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 95-CA-01286-SCT

*MAURI LEIGH FRANKS JORDAN*

*v.*

*TIMOTHY GLEN FRANKS*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 11/07/95 |
| TRIAL JUDGE: | HON. CHARLES D. THOMAS |
| COURT FROM WHICH APPEALED: | PONTOTOC COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | JOHN D. WEDDLE |
| ATTORNEY FOR APPELLEE: | NO BRIEF FILED |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| DISPOSITION: | AFFIRMED - 3/6/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE PRATHER, P.J., PITTMAN AND SMITH, JJ.**

**PITTMAN, JUSTICE, FOR THE COURT:**

Mauri Leigh Franks Jordan filed her petition to modify decree alleging that due to Timothy Glen Franks's unstable employment situation, he was not a fit and proper person to have custody of the parties' minor child, Lita Brooke Franks. At the hearing, Tim made a motion to dismiss Mauri's petition, asserting that Mauri had failed to state a claim upon which relief could be granted. The chancellor reserved ruling on the motion. After Mauri put on her witnesses, Tim renewed his motion to dismiss. The chancellor then dismissed Mauri's petition, stating that Mauri had not shown a material change in circumstances adversely affecting the child. Mauri appeals the decision of that court. The chancellor did not err in denying Mauri's petition to modify the decree, and therefore we affirm.

Mauri submits the following issue as her only assignment of error for review by the Court:

> **THE CHANCELLOR'S DISMISSAL OF APPELLANT'S PETITION TO MODIFY DECREE WAS ERROR.**

The standard of review in a child custody case is quite limited in that the chancellor must be manifestly wrong, clearly erroneous, or apply an erroneous illegal standard in order for this Court to reverse the chancellor. **Williams v. Williams,** 656 So. 2d 325, 330 (Miss. 1995).

Mauri contends that it was error for the chancellor to dismiss her petition. She asserts that she has proven a change in circumstances that adversely affects Brooke. This Court has stated that "[t]he prerequisites to a child custody modification are: (1) proving a material change in circumstances which adversely affects the welfare of the child and (2) finding that the best interest of the child requires the change of custody." **Smith v. Jones,** 654 So. 2d 480, 486 (Miss. 1995). In order for this Court to say that the chancellor has not abused his discretion in these matters, there must be sufficient evidence to support his conclusions. *Id.* This Court has also noted that "[t]he 'totality of the circumstances' must be considered." **Ash v. Ash,** 622 So. 2d 1264, 1266 (Miss. 1993) (*citing* **Tucker v. Tucker,** 453 So. 2d 1294, 1297 (Miss. 1984)).

Mauri presented evidence from several witnesses at the hearing including herself, her husband, her friend, her neighbor, and her father. She contended that due to the fact that Tim is now divorced and that he drives a truck for a living, there is no one to look after Brooke. This, according to Mauri, constitutes a change in material circumstances adversely affecting the welfare of Brooke. However, the evidence did not prove that.

The evidence further showed that the father, Tim, had always provided for the child and that Tim was a good father and had a good relationship with his daughter.

Basically, all the evidence at trial supported the contention that Mauri would be a good parent. However, that is not the burden of proof. Mauri needed to prove that there was a "material change in circumstances that adversely affects the welfare of the child." **Smith v. Jones,** 654 So. 2d at 486. The proof offered by Mauri did not meet the first prong of the test stated in **Smith**. There was no evidence to support the contention that Brooke had been adversely affected by any change in circumstances.

The chancellor did not err in dismissing Mauri's petition to modify the decree . This case is affirmed per curiam.

**AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., BANKS, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR.**